IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. **10-30127-DRH** |
| ) | |
| **EDMOND W. MALONE,** ) | |
| ) | |
| Defendant. ) | |

### DETENTION ORDER

A. <u>Order for Detention</u>

On January 21, 2011, while represented by counsel, defendant executed a written waiver of his right to have a detention hearing under **18 U.S.C. § 3142(f) of the Bail Reform Act**. Based on the waiver, the information contained in the Pretrial Services Report and the indictment, the Court orders the above-named defendant detained pursuant to **18 U.S.C. § 3142(e) and (i).**

B. <u>Statement of Reasons for the Detention</u>

The Court orders the defendant's detention because it finds:
- ✔ By a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.
- ✔ By clear and convincing evidence that no condition or combinations of conditions will reasonably assure the safety of any other person and the community.

C. <u>Finding of Fact</u>

The Court's findings are based on the evidence which was presented in Court and that which was contained in the Pretrial Services Report, and includes the following:
- ✔ (1) Nature and circumstances of the offense charged:
    - ✔ (a) The crime:

**Count 1:**
**Felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1);**

**Penalties:**
**Not more than 10 years imprisonment, a $250,000.00 fine, or both, and not more than 3 years supervised release.**

**Forfeiture Provision**
**Forfeiture of firearms and ammunition pursuant to 18 U.S.C. §924(d) and 28 U.S.C. §2461(c).**

    ___ (b) The offense is a crime of violence.
    ___ (c) The offense is a Federal crime of terrorism.
    ___ (d) The offense involves a minor victim.
    ✓ (e) The offense involves a controlled substance, firearm, explosive, or destructive device;
    ___ (f) The offense involves a narcotic drug.
    ___ (g) The offense involves a large amount of controlled substances, to wit:

✓ (2) The weight of the evidence against the defendant is high.
✓ (3) The history and characteristics of the defendant, including:
    (a) General Factors:
        ___ The defendant appears to have a mental condition which may affect whether the defendant will appear.
        ___ The defendant has no family ties in the area.
        ✓ The defendant has no steady employment.
        ✓ The defendant has no substantial financial resources.
        ___ The defendant is not a long time resident of the community.
        ___ The defendant does not have any significant community ties.
        ___ Past conduct of the defendant:_____
        ___ The defendant has a history relating to drug abuse.
        ___ The defendant has a history relating to alcohol abuse.
        ✓ The defendant has a significant prior criminal record.
        ___ The defendant has a prior record of failure to appear at court proceedings.
    (b) Whether the defendant was on probation, parole, or release by a court:
        At the time of the current arrest, the defendant was on:
        ___ Probation
        ___ Parole
        ___ Release pending trial, sentence, appeal or completion of sentence.
    (c) Other Factors:
        ___ The defendant is an illegal alien and is subject to deportation.
        ___ The defendant is a legal alien and will be subject to deportation if convicted.
        ___ Other:_____
        ___ Other:_____

✓ (4) The nature and seriousness of the danger by the defendant's release are as follows: <u>Defendant is currently serving a sentence in the IDOC.</u>

___ (5) <u>Rebuttable Presumptions</u>

The Court finds the defendant is subject to and has not rebutted the rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community, as set forth in **18 U.S.C. § 3142(e)**. In determining that the defendant is subject to the rebuttable presumption(s) set forth in **18 U.S.C. § 3142(e)**, the Court finds:

    (A)  Probable cause to believe that the defendant committed a controlled substance offense for which a maximum term of imprisonment of 10 years or more is prescribed under Titles 21 or 46; or

    (B)  Probable cause to believe that the defendant committed an offense under **18 U.S.C. § 924(c)**; or

    (C)  The defendant is <u>charged</u> with:

        (1)  A crime of violence; or

        (2)  A crime for which the maximum penalty is either death or life imprisonment; or

        (3)  A drug offense for which the maximum penalty is 10 years imprisonment or more; or

        (4)  Any felony if the defendant has been convicted of two or more offenses described in subparagraphs (1) through (3) above (or the state or local equivalent), or any combination of such offenses;

<u>and</u> the defendant has a <u>prior</u> <u>conviction</u> for one of the crimes described in subparagraphs (1) through (3) above, and said conviction, or the release from imprisonment therefor, is less than five years old and was committed while the defendant was on pre-trial release.

The Court, in finding that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance and the safety of any other person and the community has considered and rejected alternatives. Among the alternatives considered, the Court has rejected house arrest and a daily reporting scheme. In rejecting these alternatives, the Court notes the gravity of the offense and the substantial penalties which may possibly be imposed

D.  <u>Additional Directives</u>

Pursuant to **18 U.S.C. § 3142(i)(2)-(4)**, the Court directs that:

The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal; and

The defendant be afforded reasonable opportunity for private consultation with her counsel;

and

That, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceedings.

**DATED: January 21, 2011.**

                                  **s/ Clifford J. Proud**
                                  **CLIFFORD J. PROUD**
                                  **UNITED STATES MAGISTRATE JUDGE**